**Gary MINOR, Plaintiff,**

v.

**FEDEX OFFICE AND PRINT SERVICES, INC., Federal Express Corporation, and Does 3 to 50, Defendants.**

Case No.: 14–CV–01117–LHK

United States District Court,
N.D. California,
San Jose Division.

Signed January 16, 2015

Barbara Emily Cowin Figari, The Figari Law Firm, Pasadena, CA, for Plaintiff.

Brooke Sikora Purcell, Gregory Clement Cheng, Ogletree Deakins Nash Smoak & Stewart, P.C., San Francisco, CA, for Defendants.

ORDER GRANTING DEFENDANT FE-
DEX OFFICE AND PRINT SER-
VICES, INC.'S MOTION TO DIS-
MISS

LUCY H. KOH, United States District
Judge

Plaintiff Gary Minor ("Minor") filed this
action against his former employer, Defen-
dant FedEx Office and Print Services, Inc.
("FedEx Office"), as well as Federal Ex-
press Corporation. ECF No. 24. Plaintiff
asserts five claims under California's Fair
Employment and Housing Act
("FEHA"),Cal. Gov.Code §§ 12900 *et seq.*,
and a sixth claim for wrongful termination
in violation of public policy. *See id.*

Before the Court is FedEx Office's mo-
tion to dismiss all of Minor's claims. *See*
ECF No. 25. Having considered the par-
ties' submissions, the record in this case,
and the applicable law, the Court
GRANTS FedEx Office's motion to dis-
miss in its entirety, without leave to
amend.

## I. BACKGROUND

### A. Minor's Employment and Termi-
nation

Minor has filed four complaints in this
matter, three in state court before the case
was removed, and a third amended com-
plaint after this Court granted FedEx Of-
fice's motion for judgment on the plead-
ings. *See* ECF Nos. 1–1, 1–2, & 24. The
Court summarizes the facts as they are
stated in Minor's operative complaint.

Minor was hired by Defendant FedEx
Office in August 2006 and began working
as a store manager in September 2006.
ECF No. 24 ("Third Am. Compl."), ¶ 13.
As a store manager, Minor supervised oth-
er employees and performed other duties
required to manage a store. *Id.* On Octo-
ber 19, 2006, Minor discovered that time-
cards had been altered, and filed a com-
plaint with management. *Id.* ¶ 15. That
same day, Minor was demoted to assistant
manager. *Id.* ¶ 16. In January 2007, Mi-
nor was transferred to a different location,
and no longer held any duties as an assis-
tant manager. *Id.* ¶ 17.

Minor went on a medical leave of ab-
sence in October 2007 to have a right hip
replacement. *Id.* ¶ 18. Minor underwent
surgery in January 2008, and returned to
work in March 2008 after learning his
position was in peril and that his medical
insurance had been canceled. *Id.* ¶¶ 21–
23. Minor filed a complaint with the Cali-
fornia Department of Fair Employment
and Housing ("DFEH") on May 19, 2008.
*Id.* ¶ 24. The DFEH denied Minor's claim
on June 19, 2008. *Id.* ¶ 26.

Around May 2008, Minor tripped over a
rubber floor mat at work and injured his
left knee. *Id.* ¶ 25. On June 30, 2008,
Minor was placed on disability leave by his
treating physician. *Id.* ¶ 27. Minor un-
derwent surgery to repair a torn meniscus
in November 2008, and returned to work
in January 2009. *Id.* ¶¶ 28–29. In March
2010, Minor was left alone in the store to
complete shipments, requiring Minor to lift
heavy boxes despite his knee injury. *Id.*
¶ 30. On February 25, 2011, FedEx Office
terminated Minor. *Id.* ¶ 31.

Minor claims that his termination was
unlawful. Specifically, Minor asserts five
FEHA claims against FedEx Office: (1)
discrimination on the basis of disability in
violation of FEHA § 12946, *id.* ¶¶ 33–42;
(2) failure to make reasonable accommoda-
tions in violation of FEHA § 12940(m), *id.*
¶¶ 43–48; (3) failure to protect from dis-
crimination in violation of FEHA
§ 12940(k), *id.* ¶¶ 49–51; (4) retaliation in
violation of FEHA § 12940(h), *id.* ¶¶ 52–
54; and (5) failure to grant leave under the
California Family Rights Act ("CFRA") in
violation of FEHA § 12945.2, *id.* ¶¶ 55–61.
Minor also asserts a sixth claim for wrong-
ful termination in violation of public policy

pursuant to *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 164 Cal.Rptr. 839, 610 P.2d 1330 (1980), on the grounds that Minor's termination was motivated by his disability, request for time off, or both. *Id.* ¶¶ 62–68.

## B. Class Action Suit and Settlement Agreement

In 2009, Minor was a Class Representative in a wage-and-hour class action against FedEx Office before Judge Thelton E. Henderson of this Court (the "2009 Class Action"). *See* ECF No. 22, at 3; ECF No. 17–11; *Minor et al. v. FedEx Office & Print Servs. Inc.*, Case No. 09–1375, 2009 WL 3614649 (N.D.Cal. filed March 27, 2009). In that case, the plaintiffs claimed that FedEx Office failed to pay overtime wages, provide meal periods, pay a minimum wage, keep accurate records, and indemnify employees' expenses, among other allegations. *See* ECF No. 17–11.

The parties settled the 2009 Class Action in November 2012. *See* ECF No. 17–12. The plaintiffs released all claims alleged in return for a settlement of $9,625,000. *Id.* §§ 2.35, 2.23. The Settlement Agreement gave Minor, as a Class Representative, the choice between selecting either a general release or a limited release provision. The general release provision released all claims Minor may have had against FedEx Office. *Id.* § 2.12. The limited release provision released all of Minor's claims except for five already-filed DFEH complaints, which would be expressly carved out of the general release. *Id.* § 2.13. Minor was eligible for an enhancement payment of up to $25,000 if he selected the general release provision or an enhancement payment of up to $15,000 if he selected the limited release provision. *Id.* § 6.7.1. Minor selected the limited release option. *See* ECF No. 17–14. Judge Henderson preliminarily approved the Settlement Agree-

ment in February 2013, and gave final approval in July 2013. *See Id.*

## C. Procedural History

Minor filed the initial complaint in the instant action in Santa Clara County Superior Court on February 8, 2013, against Federal Express Corporation and several Does. ECF No. 1. Minor amended his complaint on May 21, 2013, alleging the six causes of action described above. *Id.* at 2. On February 7, 2014, Minor substituted FedEx Office and FedEx Corporation for two Does as defendants. *See* ECF Nos. 1–2. On March 6, 2014, Minor dismissed Federal Express Corporation without prejudice. *See* ECF No. 1–3. FedEx Office answered on March 7, 2014, *see* ECF No. 1–4, and removed to this Court on March 10, 2014, ECF No. 1 at 3.

On April 8, 2014, FedEx Office filed a motion for judgment on the pleadings. *See* ECF No. 16. On August 11, 2014, this Court granted FedEx Office's motion. ECF No. 22. As to Minor's five FEHA causes of action, the Court found that Minor failed to allege he exhausted administrative remedies as required by statute, although the Court gave Minor leave to amend to allege that he did so exhaust. *Id.* at 7–9. As to Minor's sixth cause of action for wrongful termination, the Court found that the Settlement Agreement facially barred Minor's wrongful termination claim. *Id.* at 9. The Court held that by its express terms, the limited release provision of the Settlement Agreement prohibited, *inter alia*, tort claims against FedEx Office, and therefore prohibited Minor's wrongful termination claim. *Id.* at 9–10. The Court also found that while the limited release provision did carve out five enumerated administrative complaints Minor had already filed with a governmental agency, Minor's wrongful termination claim did not fall within the carve-out provision. *Id.* at 10.

The Court therefore granted FedEx Office's motion for judgment on the pleadings as to Minor's sixth cause of action, but granted Minor leave to amend to allege the existence of any extrinsic evidence that would show Minor's wrongful termination claim was not in fact barred by the Settlement Agreement. *Id.* at 10–11. The Court also permitted Minor leave to amend to allege additional facts in support of Minor's claim that FedEx Office obtained Minor's consent to the Settlement Agreement by fraud, deception, and/or misrepresentation. *Id.* at 11. The Court ordered Minor to file an amended complaint within 30 days, and specified that failure to do so would result in dismissal of Minor's claims with prejudice. *Id.* at 12.

On September 11, 2014—one day after the Court-imposed 30–day deadline to file an amended complaint [1]—Minor filed his Third Amended Complaint. ECF No. 24. Although the Court had instructed Minor not to add additional parties, the Third Amended Complaint named "Federal Express Corporation" as a new defendant. *Id.* ¶ 4. The complaint also erroneously identified Federal Express Corporation as the parent company of FedEx Office. *Id.* On September 29, 2014, FedEx Office filed the instant motion to dismiss, as well as a request for judicial notice. ECF Nos. 25 & 26. On October 14, 2014, Minor filed an opposition to the motion to dismiss, as well as a request for judicial notice. ECF Nos. 30 & 30–1. FedEx Office filed a reply on October 21, 2014. ECF No. 31.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Under Rule 12(b)

Under Federal Rule of Civil Procedure 12(b), a complaint may be dismissed based on either (1) the "lack of a cognizable legal theory," or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990). In considering whether the complaint is sufficient to state a claim, the court accepts as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 677, 129 S.Ct. 1937 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn,* 649 F.3d 1061, 1064 (9th Cir.2011) (quoting *W. Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson,* 355 F.3d 1179, 1183 (9th Cir.2004); *accord Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. Furthermore, "'a plaintiff may plead [him]self out of court'" if he "plead[s] facts which establish that he cannot prevail on his ... claim." *Weisbuch v. Cnty. of L.A.,* 119 F.3d 778, 783 n. 1 (9th Cir.1997) (quoting *Warzon v. Drew,* 60 F.3d 1234, 1239 (7th Cir.1995)).

### B. Leave to Amend

■■■■ If the Court determines that the complaint should be dismissed, it must

---

1. Minor's deadline to file an amended complaint was September 10, 2014. According to the transaction receipt for the electronic filing of the Third Amended Complaint, Minor filed the document at 12:53 a.m. on September 11, 2014.

then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) (internal quotation marks and alterations omitted). When dismissing a complaint for failure to state a claim, " 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.' " *Id.* at 1130 (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir.1995) (internal quotation marks omitted)). Accordingly, leave to amend is denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g,* 512 F.3d 522, 532 (9th Cir.2008).

### C. Request for Judicial Notice

■ On a Rule 12(b)(6) motion, the Court generally may not look beyond the four corners of the complaint, with the exception of documents incorporated into the complaint by reference, and any relevant matters subject to judicial notice. *See Swartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir.2007); *Lee v. City of Los Angeles,* 250 F.3d 668, 688–89 (9th Cir. 2001). Under the doctrine of incorporation by reference, the Court may consider on a Rule 12 motion not only documents attached to the complaint, but also documents whose contents are alleged in the complaint, provided the complaint "necessarily relies" on the documents or contents thereof, the document's authenticity is uncontested, and the document's relevance is uncontested. *Coto Settlement v. Eisenberg,* 593 F.3d 1031, 1038 (9th Cir.2010);

*see Lee,* 250 F.3d at 688–89. The purpose of this rule is to "prevent plaintiffs from surviving a [Rule 12] motion by deliberately omitting documents upon which their claims are based." *Swartz,* 476 F.3d at 763 (internal quotation marks omitted).

■ The Court also may take judicial notice of matters that are either (1) generally known within the trial court's territorial jurisdiction or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed.R.Evid. 201(b). Proper subjects of judicial notice when ruling on a Rule 12 motion include court documents already in the public record and documents filed in other courts, *see Holder v. Holder,* 305 F.3d 854, 866 (9th Cir.2002); records of state agencies, *see Lee,* 250 F.3d at 688; *see, e.g., Farahani v. Floria,* No. 12–4637, 2013 WL 1703384, at *1 n. 1 (taking notice of deeds filed with the County Recorder); and publicly accessible websites, *see Caldwell v. Caldwell,* No. 05–4166, 2006 WL 618511, at *4 (N.D.Cal. Mar. 13, 2006); *Wible v. Aetna Life Ins. Co.,* 375 F.Supp.2d 956, 965–66 (C.D.Cal. 2005).

### III. DISCUSSION

### A. The Parties' Requests for Judicial Notice

In connection with the instant motion, FedEx Office requests judicial notice of six documents. ECF No. 26 ("Def.RJN"). Separately, Minor requests judicial notice of seven documents. ECF No. 30–1 ("Pl. RJN"). Minor also filed an objection to FedEx Office's request for judicial notice. ECF No. 30–2.

■ FedEx Office requests judicial notice of five FEHA administrative complaints that Minor filed with the state DFEH and Equal Employment Opportunity Commission. These documents are rec-

ords of state agencies, and therefore appropriate subjects of judicial notice. *See U.S. v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir.2008) ("Judicial notice is appropriate for records and reports of administrative bodies.") (internal quotation marks and citation omitted). Minor objects to FedEx Office's request on the grounds that these documents "are not properly the subject of judicial notice" for the purpose of demonstrating that Plaintiff failed to exhaust his administrative remedies. ECF No. 30–3, at 1. The Court rejects Minor's argument. Records of state agencies are appropriate subjects of judicial notice, and whether Minor exhausted administrative remedies is a central issue in the instant motion. Indeed, Minor requests judicial notice of the records of administrative agencies for the purpose of demonstrating that Minor *did* exhaust such remedies. *See* ECF Nos. 30–1 & 30–2. Minor does not explain his contradictory position that the Court should reject FedEx Office's request for judicial notice of administrative records for the purpose of determining whether Minor exhausted administrative remedies, but grant Minor's request for judicial notice of similar documents offered for the same purpose. Accordingly, the Court GRANTS FedEx Office's request for judicial notice.

■ The Court also GRANTS Minor's request for judicial notice as to (1) records of administrative agencies; (2) publicly accessible websites; and (3) court filings. These are all proper subjects of judicial notice. *See 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d at 955; *Dawson v. Mahoney*, 451 F.3d 550, 551 n. 1 (9th Cir.2006) (taking judicial notice of proceedings in other courts); *Caldwell*, 2006 WL 618511, at \*4 (taking judicial notice of publicly accessible websites).

■ The Court DENIES Minor's request for judicial notice of an email chain between Minor's counsel and counsel for Federal Express Corporation. Pl. RJN Ex. 5. These emails do not contain matters that are either (1) generally known within the trial court's territorial jurisdiction or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R.Evid. 201(b). Minor argues the emails are appropriate for judicial notice because they are documents upon which the complaint "necessarily relies." ECF No. 30–1 (citing *Marder v. Lopez*, 450 F.3d 445 (9th Cir.2006)). However, *Marder* stands for the proposition that documents may be judicially noticed if, *inter alia*, "the complaint refers to the document." *Marder*, 450 F.3d at 448. Minor's Third Amended Complaint does not refer to these emails. Therefore, judicial notice of these emails would be inappropriate.

## B. FedEx Office's Motion to Dismiss

### 1. FedEx Corporation and Federal Express Corporation

Before discussing FedEx Office's motion in substance, the Court discusses two parties also named as defendants in the instant action: FedEx Corporation and Federal Express Corporation. As this Court discussed in its previous order, the three FedEx companies—FedEx Corporation, FedEx Office, and Federal Express Corporation—are distinct entities. ECF No. 22, at 4 n.1. Specifically, FedEx Office and Federal Express Corporation are both wholly-owned subsidiaries of FedEx Corporation. *Id.* FedEx Corporation and Federal Express Corporation have not filed motions to dismiss in this case, even though both are named as defendants. However, as discussed below, the Court deems it appropriate to dismiss both FedEx Corporation and Federal Express Corporation from this action.

### a. FedEx Corporation

When Minor filed his First Amended Complaint in this action in the Santa Clara County Superior Court, Minor named only Federal Express Corporation and Does 1–50 as defendants. *See* ECF No. 1–1. On February 7, 2014, approximately nine months after filing his First Amended Complaint, Minor filed an amendment to his First Amended Complaint in the Santa Clara County Superior Court, substituting FedEx Office and FedEx Corporation (the parent company of both FedEx Office and Federal Express Corporation) for two Does. ECF No. 1–2. Approximately one month later on March 6, 2014, Minor stipulated to dismiss Federal Express Corporation as a defendant without prejudice because Minor was informed that FedEx Office was Minor's employer. *See* ECF No. 17–18; Mot. at 9 n.12. This case was subsequently removed to this Court on March 10, 2014. ECF No. 1. Therefore, at the time of removal, FedEx Corporation and FedEx Office were the only named defendants.

When this Court granted the motion for judgment on the pleadings filed by FedEx Office, the Court noted that, according to Minor's operative Complaint, Minor was only employed by FedEx Office, not by FedEx Corporation. ECF No. 22, at 4 n.1. The Court further noted that FedEx Corporation remained a defendant in Minor's lawsuit, even though Minor did not allege FedEx Corporation was involved in the disputed conduct. *Id.* The Court ordered Minor to clarify what role if any FedEx Corporation had in the allegedly wrongful conduct, if Minor chose to amend his Complaint. *Id.* The Court cautioned that failure to do so would result in the dismissal of FedEx Corporation as a defendant with prejudice. *Id.*

Minor has now filed a Third Amended Complaint. *See* Compl. Again, Minor does not address what role, if any, FedEx Corporation played in the conduct at issue. *Id.* Nor do the parties' briefs shed any light on this issue. Accordingly, because the Court previously granted Minor leave to amend to clarify FedEx Corporation's role in this lawsuit and Minor has not done so, the Court dismisses FedEx Corporation with prejudice.

### b. Federal Express Corporation

As previously discussed, Minor voluntarily dismissed Federal Express Corporation as a defendant in the instant litigation on March 6, 2014. *See* ECF No. 17–18. When this Court granted FedEx Office's motion for judgment on the pleadings, the Court warned Minor that he could not, *inter alia,* add new parties without stipulation of the parties or leave of the Court. ECF No. 22 at 12.

When Minor filed his Third Amended Complaint, Minor added Federal Express Corporation as a defendant without a stipulation or leave of the Court, in contravention of this Court's explicit order. *See* Third Am. Compl. In his Third Amended Complaint, Minor alleges that Federal Express Corporation is FedEx Office's "parent corporation." Compl. ¶ 4. However, Minor admits in his opposition that before he filed his Third Amended Complaint, Minor knew that "FedEx Corporation was the parent company of ... FedEx Office." [2] Opp'n at 10. Moreover, the Court notes that in connection with Minor's 2009 wage and hour class action lawsuit which was before Judge Henderson of this Court,

---

**2.** Minor claims that he still reasonably believed that Federal Express Corporation was FedEx Office's parent corporation because of FedEx Office's business entity detail filed with the California Secretary of State. Opp'n at 9 (citing to Pl. RJN Ex. 2). However, this exhibit identifies "FedEx Corporation," not Federal Express Corporation, as FedEx Office's parent company. *See* Pl. RJN Ex. 2.

Minor signed a stipulation in which it was stated that FedEx Office—not Federal Express Corporation—was Minor's employer, and voluntarily dismissed Federal Express Corporation from that lawsuit. *See* ECF No. 17–10.

In sum: Minor added Federal Express Corporation as a new defendant in Minor's Third Amended Complaint, even though (1) the Court ordered Minor not to add new parties to his amended complaint without a stipulation or leave of the Court; (2) Minor had already been informed that FedEx Office, not Federal Express Corporation, was Minor's employer; (3) Minor previously voluntarily dismissed Federal Express Corporation from the instant lawsuit; and (4) Minor admits he incorrectly calls Federal Express Corporation the "parent company" of FedEx Office in his Third Amended Complaint. Based on the foregoing, the Court dismisses Minor's claims against Federal Express Corporation with prejudice. Moreover, as the Court will discuss below, Minor's five FEHA causes of action are legally precluded because of Minor's failure to exhaust administrative remedies. Therefore, Minor could not possibly win relief against Federal Express Corporation, at least as to those claims.

### 2. Motion to Dismiss FEHA Claims

 FedEx Office moves to dismiss Minor's five FEHA claims on two grounds. First, FedEx Office contends that Minor has not alleged that Minor exhausted his administrative remedies, as required by FEHA § 12960, even after the Court granted Minor leave to amend to cure this very deficiency. Mot. at 11–12. Second, FedEx Office contends that Minor filed the instant civil action after his one-year right to sue had expired and that therefore Minor's claims are time-barred by FEHA § 12965(b). Mot. at 13. Because the Court concludes that Minor has, again, failed to allege that he exhausted adminis-

trative remedies, the Court need not reach the time bar issue.

 Prior to bringing civil suit on any FEHA cause of action, a plaintiff must first exhaust administrative remedies. *See Rojo v. Kliger,* 52 Cal.3d 65, 83, 276 Cal. Rptr. 130, 801 P.2d 373 (1990). Exhaustion requires filing a complaint with the DFEH within one year of the date of the alleged unlawful practice and obtaining notice of the right to sue. Cal. Gov.Code § 12960; *see Romano v. Rockwell Int'l, Inc.,* 14 Cal.4th 479, 492, 59 Cal.Rptr.2d 20, 926 P.2d 1114 (1996). The Court lacks jurisdiction over unexhausted FEHA causes of action. *Miller v. United Airlines, Inc.,* 174 Cal.App.3d 878, 890, 220 Cal.Rptr. 684 (1985).

Here, all five of Minor's FEHA claims in his Third Amended Complaint stem from his February 2011 termination. *See id.* ¶ 36 ("[Count one:] The termination of Plaintiff's employment was motivated by Plaintiff's disability ...."); *id.* ¶ 46 ("[Count two:] Rather than providing an accommodation, Defendants terminated Plaintiff's employment on or about February 25, 2013[sic]."); *id.* ¶¶ 49, 52 (Counts three and four, incorporating all previous allegations for Minor's failure to protect against discrimination claim and Minor's retaliation claim, counts three and four respectively); *id.* ¶ 59 ("[Count five:] After plaintiff requested his disability/CFRA leave, the Defendant wrongfully terminated her [sic]."). Therefore, in order to have properly exhausted his administrative remedies as to his claims based on wrongful termination, Minor must allege that he filed an administrative complaint after he was wrongfully terminated.

In his Third Amended Complaint, Minor alleges that "[a]fter Plaintiff was terminated" he filed a complaint with DFEH "on or about April 27, 2011." Third Am. Compl. ¶ 12. Minor claims this administrative·

complaint raised various violations of FEHA. *Id.* Minor also states that DFEH subsequently "issued a right to sue notice including these allegations and allegations relating to Plaintiff's illegal termination," and that accordingly "Plaintiff has properly exhausted all required administrative remedies." *Id.*

FedEx Office, in its motion to dismiss, accuses Minor of "concocting the existence" of a "vague charge which is belied by allegations in his own Complaint." Mot. at 12. Minor, in his opposition, concedes that his allegation that he filed a complaint with DFEH after his termination was false. Opp'n at 5. Minor acknowledges that in fact DFEH issued a "Notice of Case Closure/Right to Sue Letter" on April 27, 2011, not (as Minor alleged in his Third Amended Complaint) that Minor filed a complaint on or about that date. *Id.* (citing Pl. RJN at 1–2). The document to which Minor cites is a notice of case closure pertaining to administrative complaint number E201011G0537–oo–pe/556B100189. Pl. RJN at 1. Minor filed this administrative complaint with FEHA on January 18, 2011, Def. RJN Ex. 24, over a month *before* FedEx Office terminated Minor on February 25, 2011, *see* Third Am. Compl. ¶ 31. Minor does not explain why, in his Third Amended Complaint, he stated this administrative complaint was filed "[a]fter Plaintiff was terminated." Third Am. Compl. ¶ 12. Nor does Minor cite to any other administrative complaint he claims was filed after his termination. Moreover, according to judicially noticeable documents, although Minor filed four other administrative complaints against FedEx Office, Federal Express Corporation, and various individuals, none were filed before Minor's termination. *See* Def. RJN Exs. 20–24; ECF No. 17–19. Therefore, Minor has not adequately pleaded that he exhausted administrative remedies for any FEHA cause of action based on his termi-

nation. Minor has also failed to cure the deficiency this Court already identified in granting FedEx Office's motion for judgment on the pleadings. Moreover, the Court notes its disappointment that Minor chose to misrepresent a material fact—Minor's exhaustion of administrative remedies—in his operative Complaint.

■■ In his opposition (and, again, in contradiction of Minor's allegation that he filed an administrative complaint after he was terminated) Minor does not dispute that he failed to exhaust administrative remedies as to his five FEHA causes of action, thereby implicitly conceding the point. Instead, Minor makes a rather convoluted argument as to why the Court should excuse Minor's failure to exhaust. However, his argument is defective at nearly every turn. First, Minor claims that equity may excuse a party's failure to exhaust administrative remedies under FEHA, citing to *Rodriguez v. Airborne Express,* 265 F.3d 890 (9th Cir.2001). Plaintiff is correct that *Rodriguez* held that in certain circumstances, principles of equity can excuse noncompliance with FEHA's administrative exhaustion requirement, but according to *Rodriguez,* those circumstances apply where "the plaintiff's failure to comply can be *attributed to the administrative agency* (generally the DFEH) charged with processing his complaint." *Id.* at 900 (emphasis added). Furthermore, *Rodriguez* set out a multi-factor test to determine when the "equities favor a discrimination plaintiff," requiring that the plaintiff "(1) diligently pursued his claim; (2) was misinformed or misled by the administrative agency responsible for processing his charge; (3) relied in fact on the misinformation or misrepresentations of that agency, causing him to fail to exhaust his administrative remedies; and (4) was acting pro se at the time." *Id.* at 902. Here, Minor does not allege that his failure to exhaust administrative remedies is attributable to

any administrative agency. Nor does Minor address or even cite to the four-factor *Rodriguez* test. Therefore, Minor's reliance on *Rodriguez* is misplaced.

 Second, even if Minor could rely on principles of equity to salvage his claim, Minor has not explained—beyond his own conclusory and speculative assertions— why or how equity should apply in his case. Minor argues that his failure to exhaust is attributable to the fact that "Plaintiff was misled or misinformed as to the claims that Defendant was agreeing to carve-out of the Settlement Agreement." Opp'n at 5. However, Minor does not explain how FedEx Office misled him. Instead, Minor argues that this Court can and should assume that FedEx Office misled Minor because "Defendants were in a unique position to gain by misleading Plaintiff as to the scope of the carve-out provision." *Id.* Minor's argument appears to be that FedEx Office granted Minor a carve-out provision in the settlement agreement for five specific DFEH complaints, but FedEx Office now takes the position that pursuit of those DFEH complaints is time-barred. *Id.* According to Minor, "[t]o accept Defendant's contentions would be to accept that it 'carved-out' claims which were already time-barred, thus providing no actual benefit to Plaintiff and erroneously leading him to believe that he could pursue those claims." *Id.* Minor therefore argues that "the carve-out provision [was] utterly illusory." *Id.*

Minor's argument is not persuasive. The Court previously considered and rejected Minor's argument that the carve-out provision of the settlement agreement was illusory and therefore obtained by fraud, deception and/or misrepresentation. *See* ECF No. 22, at 11. As this Court has already explained, Minor's argument that the carve-out provision is illusory is insufficient because consideration is not required for a written release. *See id.*; Cal. Civil Code § 1541 ("An obligation is extinguished by a release therefrom given to the debtor by the creditor, upon a new consideration, or in writing, *with or without new consideration.*") (emphasis added). The Court previously granted Minor leave to amend his complaint to plead factual allegations for fraud and/or misrepresentation as to the carve-out provision. ECF No. 22, at 11. This Minor has failed to do, beyond inserting a paragraph in his Third Amended Complaint that states in conclusory fashion that the "Defendants must have known their representations were false because they drafted the language as to the carve out." Third Am. Compl. ¶ 32. Such conclusory assertions are insufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal quotation marks omitted). Moreover, even assuming the truth of Minor's argument that the carve-out provision only exempted claims for which the statute of limitations had already expired, it does not follow that FedEx Office "must have known" the carve-out provision was illusory. Indeed, according to FedEx Office, Minor (not FedEx Office) "specifically negotiated to include carve-outs." Mot. at 7. Moreover, according to FedEx Office, Minor and the putative class were represented by at least nine attorneys, and counsel for plaintiffs drafted the settlement agreement. Mot. at 6 n.8. Minor does not dispute either of these points in his opposition. Therefore, it appears it would have been equally likely that Minor or his counsel would or should have known that the claims were barred or that FedEx Office would contend that the claims were barred. In sum, Minor tries to slice and repackage his argument regarding the illusory nature of the carve-out provision, but it still fails for the reasons the Court previ-

ously described in granting FedEx Office's motion for judgment on the pleadings.

Third and finally, Minor appears to argue that his failure to exhaust is excusable because FedEx Office "knew or reasonably should have known which claims were being carved out by the parties" in the settlement agreement, including the five claims Minor asserts here. Opp'n at 5; *see also id.* at 7 ("As such, Defendant should be estopped from blocking Plaintiff from pursing [sic] claims that Defendant knew, or reasonably should have known, were believed to be actionable as part of the carve-out provision.") However, Minor cites no authority—and this Court identified none—for his argument that a plaintiff should be excused from exhausting administrative remedies under FEHA simply because the defendant knew or reasonably should have known about those claims.[3]

For the foregoing reasons, the Court finds that Minor, again, fails to plead that he exhausted administrative remedies as required by statute. Therefore, the Court GRANTS FedEx Office's motion to dismiss Minor's FEHA claims.

### 3. Wrongful Termination

■ FedEx Office moves to dismiss Minor's wrongful termination claim on the grounds that this claim was released by the Settlement Agreement that resolved the 2009 Class Action. Mot. at 13–15. Separately, FedEx Office contends that the wrongful termination claim is barred

by the statute of limitations. *Id.* at 15–16. Because the Court finds, as it did in granting FedEx Office's motion for judgment on the pleadings, that the Settlement Agreement facially bars Minor's wrongful termination claim and that Minor has not alleged any facts or pointed to any judicially noticeable documents to undermine this conclusion, the Court need not reach the statute of limitations issue.

FedEx Office contends that the Settlement Agreement released all of Minor's claims against FedEx Office except those expressly carved out in the limited release provision. *Id.* at 1315. FedEx Office argues that Minor's wrongful termination claim, a tort claim, was not among those carved out and therefore that claim was released. *Id.* FedEx Office claims the release is valid as the release provisions were specifically negotiated with Minor as part of a judicially overseen settlement, and that Minor entered into the release knowingly and voluntarily. *Id.* at 14–15 (citing *Stroman v. W. Coast Grocery Co.,* 884 F.2d 458, 462 (9th Cir.1989)). Therefore, FedEx Office claims that the release bars Minor from bringing his wrongful termination claim. *Id.* at 15.

In his opposition, Minor does not directly address FedEx Office's arguments. Instead, Minor states that he "addressed any notice pleading requirements" of Federal Rule of Civil Procedure 8 as to, *inter alia,* Minor's wrongful termination claim.

**3.** The Court notes that Minor also makes the curious argument that FedEx Office should be judicially estopped from asserting that Minor failed to exhaust administrative remedies. Opp'n at 67 (alleging that FedEx Office has taken "contrary positions as to Plaintiff's claims, and should be estopped from doing so."). Minor either mischaracterizes or misunderstands FedEx Office's argument. FedEx Office is arguing that Minor has failed to exhaust administrative remedies as to Minor's five FEHA claims in the instant lawsuit. Mot. at 11–12. Minor, in his opposition, tries to

equate his five FEHA claims in this lawsuit with the five claims carved out in the settlement agreement. Opp'n at 6. However, as previously discussed, Minor's five FEHA claims in this lawsuit cannot be the same claims carved out in the settlement agreement, because Minor's five FEHA claims stem from Minor's wrongful termination. Compl. ¶¶ 12, 36, 46, 49, 52, 59. None of the claims in the carve-out provision stem from Minor's wrongful termination, because the claims in the carve-out were filed before Minor was terminated.

Opp'n at 7. Minor also states that his wrongful termination claim "arises from the exact facts alleged in Plaintiff's DFEH filings, which were specifically noted in the carve out provision of the limited release." *Id.* at 8. Finally, Minor appears to argue—in a reprise of the argument Minor raised in his opposition to FedEx Office's motion for judgment on the pleadings— that the release "was obtained by fraud, deception and/or misrepresentation, and is void as a matter of law." *Id.*

The general release provision of the Settlement Agreement, which the limited release provision incorporates by reference, releases:

> any and all claims, obligations, demands, actions, rights, causes of actions, and liabilities against [FedEx Office] ... of whatever kind and nature ... whether in law or equity, whether sounding in *tort*, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law ... arising during the period from the beginning of [Minor's] dates of employment with [FedEx Office] to the date on which the Court enters the Order of Final Approval of this Settlement, for any type of relief that can be released as a matter of law....

ECF No. 17–12 § 2.12 (emphasis added). Of these claims, the limited release provision carves out only a number of "specifically identified and limited" set of case numbers "already *filed with [a] governmental agency.*" *Id.* § 2.13 (emphasis added). As this Court previously explained in its order granting FedEx Office's motion for judgment on the pleadings, by its terms the carve-out provision includes only the specifically identified case numbers that were already filed with a governmental agency. All of these claims were filed *before* Minor was terminated on February 25, 2011. *See* Compl.

¶ 31; Def. RJN Ex. 20 (carved-out claim filed on June 1, 2010); *id.* Ex. 22 (carved-out claim filed on June 1, 2010); *id.* Ex. 23 (carved-out claim filed on June 1, 2010); *id.* Ex. 24 (carved-out claim filed on January 18, 2011); ECF No. 17–19 (carved-out claim filed before June 18, 2008). Moreover, by its plain terms, the limited release provision does not exclude claims arising from the same set of facts as the specifically identified carved-out case numbers. Therefore, Minor's argument that his wrongful termination claim "arises from the exact facts alleged in Plaintiff's DFEH filings" named in the carve-out provision fails.

None of Minor's other arguments in opposition are persuasive. First, Minor's argument that he adequately pled "notice" is inapposite. The issue has never been whether Minor's pleadings meet the notice requirements of Rule 8, but whether Minor's sixth claim for wrongful termination was barred by his prior settlement agreement. Second, Minor again asserts—without alleging or pointing to factual allegations in his Third Amended Complaint— that the general release provision was obtained by fraud, deception, and/or misrepresentation. Opp'n at 8. However, as the Court previously discussed, Minor does not make any factual allegations in support of this claim; rather, Minor simply makes conclusory statements that the general release was obtained by fraud, deception, and misrepresentation, which are insufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. Furthermore, Minor failed to cure this defect even though the Court explicitly granted Minor leave to amend his complaint to properly plead fraud, deception, and/or misrepresentation.[4] ECF No. 22, at 11.

Accordingly, the Court GRANTS FedEx Office's motion to dismiss Minor's sixth

---

4. In its prior order, the Court also granted

Minor leave to amend to allege any latent

claim of wrongful termination, as Minor has again failed to allege that his claim is exempted from the terms of his prior settlement agreement.

### C. Leave to Amend

As previously discussed, when dismissing a complaint for failure to state a claim, " 'a district court should grant leave to amend ... unless it determines that the pleading could not possibly be cured by the allegation of other facts.' " *Lopez,* 203 F.3d at 1130 (quoting *Doe,* 58 F.3d at 497); *see also Leadsinger, Inc.,* 512 F.3d at 532 (court need not grant leave to amend if, *inter alia,* granting leave would be futile). Here, the Court previously granted Minor leave to amend to allege (1) that Minor exhausted administrative remedies as to his FEHA claims, ECF No. 22, at 89; and (2) additional facts indicating that either the general release provision did not bar Minor's wrongful termination claim, or that FedEx Office obtained Minor's consent to the general release provision by fraud or misrepresentation, *id.* at 10-11. Minor has failed to correct any of these defects. Nor does Minor, in his opposition, claim that he could allege additional facts to salvage his claims. Therefore, granting leave to amend would likely be futile. Accordingly, all of Minor's claims are dismissed with prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS FedEx Office's motion to dismiss. Minor's claims are dismissed with prejudice. The Clerk shall close the file.

**IT IS SO ORDERED.**

---

ambiguities that would support his argument that the general release provision did not bar Minor's claim for wrongful termination. ECF

---

No. 22, at 10–11. Minor did not address this issue in his Third Amended Complaint.