**Keith Eugene WELLS, by and through Rolf M. KEHNE, Petitioner–Appellant,**

v.

**A.J. ARAVE, Warden, Respondent– Appellee.**

No. 94–99000.

United States Court of Appeals, Ninth Circuit.

Jan. 5, 1994.

Before: BROWNING, NOONAN, and O'SCANNLAIN, Circuit Judges.

### ORDER

Rolf M. Kehne seeks to appeal the district court's dismissal of a petition for a writ of habeas corpus and requests a certificate of probable cause and a stay of execution as a "next friend" of Keith Eugene Wells. Finding this case controlled by *Brewer v. Lewis,* 989 F.2d 1021 (9th Cir.1993), we deny the certificate of probable cause and the application for a stay.

### I.

Keith Eugene Wells was convicted of felony murder on October 23, 1991. After filing a petition for post-conviction relief in state court, Wells moved on February 22, 1993 to dismiss the petition and his appointed attorneys, Rolf Kehne and John Adams, stating in a written declaration that he desired to waive all rights to further post-conviction relief because "prolonging [his] life through years of appeals will only serve to prolong the pain and grief of not only my family members and loved ones, but that of the victims' families and loved ones as well." The Idaho district court held two hearings to determine Wells' competence to dismiss the petition and concluded Wells was competent to and did knowingly and voluntary waive his right to pursue further post-conviction relief. The Idaho Supreme Court affirmed the dismissal.

On January 3, 1994, Rolf Kehne filed a petition for a writ of habeas corpus on Wells' behalf. On January 5, 1994, the district court dismissed the petition on the ground that Kehne lacked standing and denied Kehne's request for a certificate of probable cause.

### II.

Kehne requests a certificate of probable cause to address the "sufficiency of

the state hearing" on the issue of Wells' competence to waive his rights to further post-conviction relief. A certificate of probable cause will issue only if the petitioner presents an issue of substance or makes a substantial showing of a denial of a federal right. *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 3394–95 n. 4, 77 L.Ed.2d 1090 (1983) (citation and internal quotations omitted). Since Kehne has failed to raise a question "debatable among jurists of reason," *Id.* at 893 n. 4, 103 S.Ct. at 3394 n. 4 as to his status as a "next friend," we deny the certificate of probable cause.

### III.

 Kehne argues he is entitled to a petition for a writ of habeas corpus as Keith Wells' next friend because Wells is mentally incompetent and unable to direct the proceedings of the case. For Kehne to have standing as a next friend, he must show that Wells is incompetent. *Whitmore v. Arkansas,* 495 U.S. 149, 164, 110 S.Ct. 1717, 1727–28, 109 L.Ed.2d 135 (1990). He has failed to make this showing.

The state court held two hearings to determine Wells' competence to waive his rights. Dave Sanford, a court-appointed psychologist, concluded that "There were few indications of faulty judgment and errors in decision making.... Keith is competent to make decisions regarding his life." Leila Schutt, another court-appointed expert, concluded Wells was in "good physical health" and that no medication "in the psychotropic category" was or had been prescribed. After repeated questioning by the judge as to whether he understood the nature of the proceedings and his decision to waive them, Wells confirmed he desired to waive his right to seek further relief.

Kehne asserts the state court hearing was inadequate to establish Wells' competence because Dr. Sanford was not cross-examined regarding Wells' delusion, reported by family and friends, that he is possessed by demons that can by driven away only by his death. It was known at the time of Dr. Sanford's evaluation that Wells had been diagnosed with schizophrenia and that he suffered from these delusions. *See Brewer,* 989 F.2d at

1026 n. 6. Dr. Sanford nevertheless concluded Wells was competent and Kehne has offered no new medical evidence to the contrary.

We conclude Kehne has presented no "meaningful evidence" to cast doubt on the state court's determination of competence and therefore no further evidentiary hearing was required. *Brewer,* 989 F.2d at 1026. *See also Demosthenes v. Baal,* 495 U.S. 731, 734–35, 110 S.Ct. 2223, 2224–25, 109 L.Ed.2d 762 (1990).

### IV.

■ Because Kehne does not have standing to file the petition on behalf of Wells, he is not entitled to the automatic stay of execution provided in Circuit Rule 22–3(c). *Brewer,* 989 F.2d at 1024. "A grant of a stay is an exercise of judicial power, and we are not authorized to exercise such power on behalf of a party who has not first established standing." *Id.* at 1025. Thus, we affirm the district court's denial of the motion for a stay.

The certificate of probable cause and the application for a stay of execution are DENIED.