47 F.3d 1177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Huber WAGONER, Defendant-Appellant.
 No. 93-50834.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 24, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Wagoner appeals his conviction of bank robbery in violation of 18 U.S.C. Sec. 2113(a). Wagoner contends that (1) his due process rights were violated because the district court failed sua sponte to hold a hearing on his competency to stand trial; and (2) he received ineffective assistance of counsel because counsel failed to request a competency hearing. We have jurisdiction under 28 U.S.C. Sec. 1281 and affirm.
 
 A. Competency Hearing
 
 3
 We review a district court's interpretation of a statute de novo. See United States v. Phelps, 995 F.2d 1258, 1264 (9th Cir.), cert. denied, 112 S.Ct. 2977 (1992). We review for clear error a district court's determination whether a defendant is competent to stand trial. United States v. Hoskie, 950 F.2d 1388, 1391 (9th Cir.1991).
 
 
 4
 Due process mandates that the district court sua sponte order a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. Sec. 4241(a); see also Moran v. Godinez, 40 F.3d 1567, 1571 (9th Cir.1994). "Although no particular facts signal incompetence, suggestive evidence includes a defendant's demeanor before the trial court, previous irrational behavior, and available medical evaluation". See Moran, 40 F.3d at 1571-72. At the competency hearing, the defendant shall have the opportunity to testify, to present evidence, and to confront witnesses. See 18 U.S.C. Sec. 4247(d); see also Wells ex rel. Kehne v. Arave, 18 F.3d 656, 658 (adequate hearing where testifying doctor who was aware of defendant's mental state was not cross-examined about a particular condition), amended, 18 F.3d 658 (9th Cir.1994) (en banc) (amended to include Judge Reinhardt's dissent). A retrospective competency hearing is "permissible whenever a court can conduct a meaningful hearing to evaluate retrospectively the competency of the defendant." Moran, 40 F.3d at 1572. Further, the defendant has the burden to establish his incompetence. See id. at 1574.
 
 
 5
 Wagoner contends that his following behavior and conditions compelled the district court to order a competency hearing: (1) inability to relate to and hostility towards his attorneys, which resulted in repeated firing of his attorneys; (2) outbursts in the courtroom; (3) taking medicine for mild depression and receiving counseling; (4) being housed in a special unit distant from the general prison population; and (5) showing no attempts to make a plea bargain. Wagoner's argument is not persuasive.
 
 
 6
 The district court did not hold a pre-trial competency hearing; however, its post-trial competency hearing was sufficient.[1] See Moran, 40 F.3d at 1572. At the hearing, Wagoner called as witness one of the detention center psychologists who had knowledge of Wagoner's mental condition at about the time of the trial. The psychologist testified that Wagoner was placed in the psychiatric unit as an "anchor" of his own will,[2] not as a patient, and concluded that Wagoner was competent to stand trial. See 18 U.S.C. Sec. 4247(d); Wells ex rel. Kehne, 18 F.3d at 658. Wagoner presented no further evidence. See Moran, 40 F.3d at 1574.
 
 
 7
 Although the district court was aware that Wagoner was taking medication for mild depression, had received counselling, and had suffered from visual hallucination at one time,[3] the district court also observed Wagoner's demeanor and "strong assertive personality" and listened to his speech in the courtroom, suggesting Wagoner's understanding of the nature of the proceedings against him. See id. at 1571-72; see also 18 U.S.C. Sec. 4142(a). Wagoner was apologetic about his disorderly conduct in the courtroom. Wagoner personally addressed the court on different issues and expressed his firm belief in his innocence and constitutional right to a trial.[4] In particular, he understood the importance of identification in his case and successfully persuaded the court to locate a material witness. See Moran, 40 F.3d at 1571-72.
 
 
 8
 Therefore, the district court did not err in regard to the competency hearing. See Moran, 40 F.3d at 1572; see also Wells ex rel. Kehne, 18 F.3d at 658. Nor did it commit a clear error in its determination of Wagoner's competence to stand trial in light of the psychologist's evaluation and Wagoner's demeanor before the court. See Moran, 40 F.3d at 1571-72.[5]
 
 B. Ineffective Assistance of Counsel
 
 9
 A claim of ineffective assistance of counsel is a mixed question of law and fact reviewed de novo. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). However, we generally do not review this claim on direct appeal unless "the record is sufficiently complete to allow us to decide the issue." United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991) (quotations omitted). Here, the record is sufficient for us to review the claim because the district court held a competency hearing. See id.
 
 
 10
 To establish ineffective assistance of counsel, the defendant must show that (1) the specific acts or omissions of counsel fell below a standard of professional competence and (2) the alleged acts or omissions have prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984). Wagoner contends that his attorneys rendered ineffective assistance because they failed to request a competency hearing. However, as discussed above, the district court held a retrospective hearing to determine Wagoner's competence to stand trial. Thus, Wagoner suffered no prejudice from alleged inadequate performance by counsel. See Strickland, 466 U.S. at 687.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court held the hearing right before it imposed Wagoner's sentence
 
 
 [2]
 The Chief Forensic Psychologist at the detention center explained that when a number of individuals with rather severe mental or medical disorders were placed in a special unit, they were unable to provide orderly duties around the unit, such as sanitation. Placing someone as an anchor to normalize it would help other more disturbed individuals. Wagoner agreed to act in this role and was paid for his performance
 
 
 [3]
 The presentence report indicates that Wagoner was treated for visual hallucinations in 1991. During incarceration, Wagoner reported certain symptoms such as hallucination and loss of touch with reality. However, the psychologist at the detention center saw no objective evidence to support his claim and believed that the hallucination was the result of "organic hallucinosis" in conjunction with his prior drug abuse
 
 
 [4]
 The issues addressed by Wagoner personally to the court ranged from speedy trial, importance of a missing witness, to possible misconduct by his attorneys
 
 
 [5]
 After the hearing, the district court proceeded to sentence Wagoner without making a clear finding as to his competence