FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DAVID THOMAS DAWSON,
             *Petitioner-Appellant,*

           v.

MICHAEL MAHONEY, Warden,
             *Respondent-Appellee.*

No. 06-99004

D.C. No.
CV-89-00246-JDS
Montana (Billings)

ORDER

Filed June 8, 2006

Before: William C. Canby, Jr., Thomas G. Nelson, and
Andrew J. Kleinfeld, Circuit Judges.

## ORDER

Montana state prisoner David Thomas Dawson was convicted and sentenced to death in 1987 for three counts of deliberate homicide. In 2004, Mr. Dawson moved to discharge his federal habeas counsel, to waive further habeas proceedings, and for the appointment of an independent expert to determine his competency. The federal district court appointed two independent mental health experts to evaluate Mr. Dawson and ordered the parties to provide all relevant materials to those experts. After considering the experts' reports, the federal district court found that Mr. Dawson is competent to waive further proceedings and has made that decision knowingly, intelligently, and voluntarily. On December 12, 2005, the federal district court granted Mr. Dawson's motion to discharge his habeas counsel, Kathryn Ross and William Hooks, and granted his motion to waive further habeas proceedings. The federal district court later denied habeas counsel's motion for a certificate of appealability (COA).

On December 15, 2005, the Montana district court conducted a competency hearing at which Mr. Dawson appeared by video. After an extensive colloquy with Mr. Dawson, the Montana district court found that Mr. Dawson is competent and has a made a knowing, intelligent, and voluntary decision to waive further habeas proceedings. On April 11, 2006, the Montana Supreme Court granted Mr. Dawson's motion to dismiss counsel Ross and Hooks and granted Mr. Dawson's motion to dismiss all appeals. On May 15, 2006, the Montana district court set an execution date for August 11, 2006.[1]

On December 27, 2005, habeas counsel filed a notice of appeal in federal district court. In this Court, habeas counsel filed "Habeas Counsels' Motion For Certificate of Appealability" (COA) and "Petitioner's, Through Habeas Counsel, Motion For Stay of Execution." Mr. Dawson opposes "former counsel's" COA and stay motions, as does Respondent.

An appeal may not be taken from the final order in a habeas corpus proceeding unless a COA is granted. *See* 28 U.S.C. § 2253(c)(1); *see also* 28 U.S.C. § 2253(c)(2) (a COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a substantial showing of the denial of a constitutional right includes a showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further), citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983).

Both the federal district court and the Montana state courts found Mr. Dawson competent and granted his motions to discharge habeas counsel Ross and Hooks. Habeas counsel do

---

[1]We take judicial notice of the Montana state court orders and proceedings. *See* Fed. R. Evid. 201(b),(c); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

not contend that Mr. Dawson has a mental disorder or mental defect, nor do they dispute that Mr. Dawson has no history of mental illness.[2] Counsel, relying on *Comer v. Stewart*, 215 F.3d 910 (9th Cir. 2000), argue instead that Mr. Dawson's decision to waive further proceedings is involuntary due to the combination of the harsh conditions on Montana's death row and his reaction to the suicides of two other inmates on death row. *See Comer*, 215 F.3d at 917 (in addition to competency, the district court must also determine the separate question of whether petitioner's decision is voluntary); *see id.* at 918 ("The issue is whether Mr. Comer's conditions of confinement constitute punishment so harsh that he has been forced to abandon a natural desire to live"). Mr. Dawson, however, in state and federal court has expressly disavowed these explanations for his decision to waive further habeas proceedings. *See*, *e.g.*, December 15, 2005 Montana district court RT at 19-25. Because there is no suggestion that Mr. Dawson is not competent, the state court did not err in accepting Mr. Dawson's testimony that his decision to waive further proceedings is not based on intolerable prison conditions nor on the suicides of two inmates on death row.

Because there was not a shred of evidence proffered in federal district court or in the Montana state courts (or in this Court) that Mr. Dawson is not competent to discharge his counsel, no reasonable jurist would debate that the district court did not err when it granted Mr. Dawson's motions to discharge his habeas counsel and to waive further proceedings. *See Demosthenes v. Baal*, 495 U.S. 731, 736 (1990) ("In the absence of any 'meaningful evidence' of incompetency, . . . the District Court correctly denied petitioners' motion for

---

[2]*See Rees v. Peyton*, 384 U.S. 312, 314 (1966) (the test for competency to waive further proceedings is "whether [petitioner] has capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand whether he is suffering from a mental disease, disorder, or defect which may substantially affect his capacity in the premises").

a further evidentiary hearing on the question of Baal's competence to waive his right to proceed"); *see also Dennis ex rel. Butko v. Budge*, 378 F.3d 880, 891 (9th Cir. 2004); *Wells By and Through Kehne v. Arave*, 18 F.3d 656, 658 (9th Cir. 1994).

Because Mr. Dawson has competently discharged his habeas counsel, they lack standing to appeal on Mr. Dawson's behalf. We accordingly dismiss habeas counsel's motions for a COA and for a stay of execution. *See Baal*, 495 U.S. at 737 (stay improper absent substantial grounds upon which relief might be granted), citing *Barefoot*, 463 U.S. at 895.

The Court has also received motions for clarification of status and to submit further briefing from Assistant Federal Defender Donahoe, who was appointed as special counsel in the district court to assist Mr. Dawson. Mr. Dawson, however, has informed this Court that Mr. Donahoe no longer represents Mr. Dawson. Accordingly, we dismiss Mr. Donahoe's motions for lack of standing.

Any motion for reconsideration must be filed by June 19, 2006. Any response is due June 26, 2006. Any reply is due June 30, 2006.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2006 Thomson/West.