UNITED STATES DISTRICT COURT 
 FOR THE DISTRICT OF IDAHO 

DAVID JOSEPH MEISTER, 
 Case No. 1:19-cv-00173-CWD 
 Petitioner, 
 MEMORANDUM DECISION AND 
 v. ORDER 

AL RAMIREZ, 

 Respondent. 

 Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho 
prisoner David Joseph Meister (“Petitioner”), challenging Petitioner’s state court 
convictions of first-degree murder and conspiracy to commit first-degree murder. Dkt. 1. 
Respondent has filed a Motion for Partial Summary Dismissal, arguing that Claims 1, 2, 
7 (in part), and 8(a) are procedurally defaulted without legal excuse. Dkt. 18. The Motion 
is now ripe for adjudication. 
 The Court takes judicial notice of the records from Petitioner’s state court 
proceedings, which have been lodged by Respondent. See Dkt. 17; Fed. R. Evid. 201(b); 
Dawson v Mahoney, 451 F.3d 550, 551 n.1 (9th Cir. 2006). 
 The parties have consented to the jurisdiction of a United States Magistrate Judge 
to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal 
Rule of Civil Procedure 73. Dkt. 7. Having carefully reviewed the record, including the 
state court record, the Court finds that oral argument is unnecessary. See D. Idaho L. Civ. 
R. 7.1(d). Accordingly, the Court will enter the following Order granting the Motion and 
dismissing, with prejudice, Claims 1, 2, 7 (in part), and 8(a). 
 BACKGROUND 

 The facts underlying Petitioner’s conviction are set forth clearly and accurately in 
State v. Meister, Docket No. 39807 (Idaho Ct. App. Mar. 4, 2014) (unpublished) (appeal 
of convictions after retrial), and Meister v. State, Docket No. 44322 (Idaho Ct. App. Dec. 
24, 2018) (unpublished) (post-conviction appeal), which are contained in the record at 
State’s Lodgings D-5 and F-4, respectively. The facts will not be repeated here except as 

necessary to explain the Court’s decision. 
 In a jury trial in the Second Judicial District Court in Latah County, Idaho, 
Petitioner was charged with one count of first-degree murder and one count of conspiracy 
to commit first-degree murder. Petitioner confessed to the crime and told police that the 
victim’s boyfriend hired Petitioner to kill her.1 

 After an evidentiary hearing, the trial court denied Petitioner’s motion to suppress 
his confession, concluding that it was not coerced. State’s Lodging C-5 at 857–62. 
Petitioner testified at trial that his confession was false and coerced. The jury convicted 
Petitioner on both charges.2 

1 Though the interrogation lasted over four hours, only Petitioner’s “final repetition of his confession” 
was recorded. State’s Lodging B-4 at 2. 

2 The judgment challenged by Petitioner in this matter is the judgment of conviction entered after 
Petitioner’s second trial. The Idaho Supreme Court vacated the judgment following the first trial, finding 
error in the trial court’s exclusion of certain alternate perpetrator evidence. State v. Meister, 220 P.3d 
1055, 1059 (Idaho 2009). 
 On direct appeal, Petitioner argued that the trial court abused its discretion, under 
Idaho Rule of Evidence 704, by limiting the testimony of Dr. Ofshe, Petitioner’s expert 
witness on police interrogation techniques. State’s Lodging D-2, D-4. The trial court had 

permitted Dr. Ofshe to testify about interrogation techniques and false confessions in 
general, but it did not permit Dr. Ofshe to testify about the techniques used in Petitioner’s 
interrogation or to opine whether Petitioner’s confession was true or false. State’s 
Lodging C-8 at 1588–92. 
 The Idaho Court of Appeals affirmed. Without addressing whether the trial court 

erred by limiting Dr. Ofshe’s testimony, the court concluded that any such error was 
harmless beyond a reasonable doubt. State’s Lodging D-5 at 7. The Idaho Supreme Court 
denied review. State’s Lodging D-8. 
 Petitioner filed a post-conviction petition asserting 46 claims. State’s Lodging E-
16 at 3511–28. The state district court dismissed the petition. State’s Lodging E-21 at 

4457–73. On appeal, Petitioner raised three claims of ineffective assistance of direct 
appeal counsel, one of which alleged that appellate counsel should have “federalized” 
Petitioner’s Rule 704 claim by asserting it as a violation of Petitioner’s right to present a 
defense. State’s Lodging F-1 at 7–9. Petitioner also raised numerous claims of ineffective 
assistance of trial counsel, as well as a claim that the jury room was not properly 

insulated from sound. Id. at 10–54. 
 In the instant federal habeas corpus petition, Petitioner asserts eight claims. Claims 
1 and 2 assert that the trial court’s limitation of Dr. Ofshe’s testimony violated 
Petitioner’s right to due process, right to present a defense, and right to a jury trial. Dkt. 
1, at 4–5. 
 The Petition also asserts that Petitioner’s trial counsel rendered ineffective 

assistance in failing to present evidence that Petitioner’s confession could not be true 
(Claim 3), in failing to present evidence of Petitioner’s alibi (Claim 4), in introducing 
evidence that was prejudicial to Petitioner (Claim 5), and in failing to object to 
prosecutorial misconduct (Claim 6). Id. at 6–9. 
 Claim 7 alleges cumulative error arising from the violations set forth in Claims 1 

through 6. Id. at 10. And Claim 8 alleges that (a) Petitioner’s right to due process was 
violated because the jury room was not insulated from sound, and (b) Petitioner’s counsel 
rendered ineffective assistance in failing to object on that basis. Id. at 11. 
 The Court previously reviewed the Petition and allowed Petitioner to proceed on 
his claims to the extent those claims “(1) are cognizable in a federal habeas corpus action, 

(2) were timely filed in this Court, and (3) were either properly exhausted in state court or 
subject to a legal excuse for any failure to exhaust in a proper manner.” Dkt. 8 at 2–3. 
 Respondent now argues that Claims 1, 2, 7 (in part), and 8(a) are subject to 
dismissal as procedurally defaulted. For the reasons that follow, the Court agrees. 
 DISCUSSION 

1. Standard of Law Governing Summary Dismissal 
 The Rules Governing § 2254 Cases (“Habeas Rules”) authorize the Court to 
summarily dismiss a petition for writ of habeas corpus when “it plainly appears from the 
face of the petition and any attached exhibits,” as well as those records subject to judicial 
notice, “that the petitioner is not entitled to relief in the district court.” Habeas Rule 4; see 
Fed. R. Evid. 201(b); Dawson, 451 F.3d at 551 n.1. Where appropriate, a respondent may 
file a motion for summary dismissal, rather than an answer. White v. Lewis, 874 F.2d 599, 

602 (9th Cir. 1989). 
2. Procedural Default Standards of Law 
 A habeas petitioner must exhaust his or her remedies in the state courts before a 
federal court can grant relief on constitutional claims. O’Sullivan v. Boerckel, 526 U.S. 
838, 842 (1999). To do so, the petitioner must invoke one complete round of the state’s 

established appellate review process, fairly presenting all constitutional claims to the state 
courts so that they have a full and fair opportunity to correct alleged constitutional errors 
at each level of appellate review. Id. at 845. In a state that has the possibility of 
discretionary review in the highest appellate court, like Idaho, the petitioner must have 
presented all of his federal claims at least in a petition seeking review before that court. 

Id. at 847. “Fair presentation” requires a petitioner to describe both the operative facts 
and the legal theories upon which the federal claim is based. Gray v. Netherland, 518 
U.S. 152, 162-63 (1996). 
 The mere similarity between a federal claim and a state law claim, without more, 
does not satisfy the requirement of fair presentation. See Duncan v. Henry, 513 U.S. 364, 

365-66 (1995) (per curiam). General references in state court to “broad constitutional 
principles, such as due process, equal protection, [or] the right to a fair trial,” are likewise 
insufficient. See Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999). For proper 
exhaustion, a petitioner must bring his federal claim before the state court by “explicitly” 
citing the federal legal basis for his claim. Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 
2000), as amended, 247 F.3d 904 (9th Cir. 2001). 
 When a habeas petitioner has not fairly presented a constitutional claim to the 

highest state court, and the state court would now refuse to consider it because of the 
state’s procedural rules, the claim is said to be procedurally defaulted. Gray, 518 U.S. at 
161-62. Procedurally defaulted claims include the following: (1) when a petitioner has 
completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised 
a claim, but has failed to fully and fairly present it as a federal claim to the Idaho courts; 

and (3) when the Idaho courts have rejected a claim on an adequate and independent state 
procedural ground. Id.; Baldwin v. Reese, 541 U.S. 27, 32 (2004); Coleman v. Thompson, 
501 U.S. 722, 750 (1991). 
 “To qualify as an adequate procedural ground, a state rule must be firmly 
established and regularly followed.” Walker v. Martin, 562 U.S. 307, 316 (2011) (internal 

quotation marks omitted). That is, the state procedural bar must be one that is “‘clear, 
consistently applied, and well-established at the time of the petitioner’s purported 
default.’” Martinez v. Klauser, 266 F.3d 1091, 1093–94 (9th Cir. 2001) (quoting Wells v. 
Maass, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar can be considered 
adequate even if it is a discretionary rule, and even though “the appropriate exercise of 

discretion may permit consideration of a federal claim in some cases but not others.” 
Beard v. Kindler, 558 U.S. 53, 61 (2009). A state rule’s “use of an imprecise standard … 
is no justification for depriving a rule’s language of any meaning.” Walker, 562 U.S. at 
318 (internal quotation marks and alteration omitted). 
 A state procedural bar is “independent” of federal law if it does not rest on, and if 

it is not interwoven with, federal grounds. Bennett v. Mueller, 322 F.3d 573, 581 (9th Cir. 
2003). A rule will not be deemed independent of federal law “if the state has made 
application of the procedural bar depend on an antecedent ruling on federal law such as 
the determination of whether federal constitutional error has been committed.” Id. 
(internal quotation marks and alteration omitted); see also Ake v. Oklahoma, 470 U.S. 68, 

75 (1985) (stating that “when resolution of the state procedural law question depends on a 
federal constitutional ruling, the state-law prong of the court’s holding is not independent 
of federal law, and our jurisdiction is not precluded,” and holding that a state waiver rule 
was not independent because, “[b]efore applying the waiver doctrine to a constitutional 
question, the state court must rule, either explicitly or implicitly, on the merits of the 

constitutional question”). 
 Once the state sufficiently pleads the existence of an adequate and independent 
state procedural bar, the burden shifts to the petitioner to establish that the rule is not 
adequate or is dependent on federal law. “The petitioner may satisfy this burden by 
asserting specific factual allegations that demonstrate the inadequacy of the state 

procedure, including citation to authority demonstrating inconsistent application of the 
rule.” Bennett, 322 F.3d at 586. The ultimate burden to show that the procedural rule is 
adequate and independent, however, remains with the state. 
3. Claims 1, 2, 7 (in part), and 8(a) Are Procedurally Defaulted without Legal 
 Excuse 
 A. Claims 1, 2, 7 (in part), and 8(a) Are Procedurally Defaulted 
 i. Claims 1 and 2 were not fairly presented to the state courts 
 On direct appeal, Petitioner argued that the trial court abused its discretion, under 
Rule 704, by limiting Dr. Ofshe’s testimony. State’s Lodging D-2, D-4. Although that 
claim is similar to Claims 1 and 2, and arises from the same set of facts, Petitioner 

presented it only as a state-law claim based on the Idaho Rules of Evidence. The Idaho 
Court of Appeals addressed and denied the claim as such. Petitioner acknowledges that 
he did not fairly present Claim 1 on direct appeal. 
 However, Petitioner contends that he did, in fact, raise Claim 2 on direct appeal. 
Dkt. 19 at 3–4. In his brief in support of his petition for review to the Idaho Supreme 

Court, Petitioner argued that the Idaho Court of Appeals’ harmlessness determination was 
in conflict with decisions of both the Idaho Supreme Court and the United States 
Supreme Court. State’s Lodging D-7 at 12–17. However, the Court finds this argument 
did not suffice to fairly present Claim 2, for two reasons. 
 First, the underlying claim was still presented as a state-law evidentiary claim in 

Petitioner’s brief in support of the petition for review. See id. at 17–28. The brief’s 
citation to United States Supreme Court precedent did not constitute the assertion of a 
federal claim—it was simply an acknowledgement that the Idaho courts have adopted the 
federal harmless error standard as applicable to state-law claims of “objected-to error.” 
Id. at 15. 
 Second, even if Petitioner did raise Claim 2 as a constitutional claim in the petition 
for review on direct appeal, that claim was procedurally barred. The Idaho Supreme 
Court does not consider claims made for the first time in a petition for review. Hernandez 

v. State, 905 P.2d 86, 88 (Idaho 1995) (“We also do not address Hernandez’s claim 
premised on due process of law presented in support of his petition for review. We look 
to the initial brief on appeal, before the case was assigned to the Court of Appeals, for the 
issues presented on appeal.”); see also Waters v. Double L, Inc., 114 Idaho 256, 268, 755 
P.2d 1294, 1306 (Idaho Ct. App. 1987) (“This issue is raised for the first time on 

rehearing, not having been presented to the district court nor to this Court earlier on 
appeal. Accordingly, we will not address it now.”) Johnson v. Bekins Moving & Storage 
Co., 86 Idaho 569, 582, 389 P.2d 109, 117 (Idaho 1963) (“[A] contention cannot be 
considered when raised for the first time in a petition for rehearing.”). The Court finds no 
basis to conclude that this state procedural rule is inadequate or dependent on federal law. 

Thus, Claims 1 and 2 were not fairly presented on direct appeal. 
 Petitioner attempted to raise Claims 1 and 2, as federal constitutional claims, in his 
post-conviction petition. However, the Idaho Court of Appeals held, under Idaho law, 
that its direct appeal decision upholding the trial court’s limitation on Dr. Ofshe’s 
testimony “precludes resurrection of the issue in a petition for post-conviction relief.” 

State’s Lodging F-4 at 38–39 (relying on Hall v. State, 885 P.2d 1165, 1168 (Idaho Ct. 
App. 1994). Petitioner has not established that this state-law procedural ground was not 
adequate at the time of the state court’s decision, and the rule is not dependent on federal 
law. Therefore, Claims 1 and 2 are procedurally defaulted. 
 ii. Claim 8(a) was defaulted based on an adequate and independent 
 state procedural ground 
 Petitioner raised Claim 8(a)—that the jury room’s inadequate insulation 
constituted a federal constitutional violation—in his post-conviction proceedings. 

However, the Idaho Court of Appeals declined to address the claim. State’s Lodging F-4 
at 39–40. The court relied on Idaho Code § 19-4901(b), which provides that “[a]ny issue 
which could have been raised on direct appeal, but was not, is forfeited and may not be 
considered in post-conviction proceedings.” The only exception to this procedural bar is 
where “the asserted basis for relief raises a substantial doubt about the reliability of the 

finding of guilt and could not, in the exercise of due diligence, have been presented 
earlier.” Id. 
 Petitioner has failed to meet his burden of showing that Idaho Code § 19-4901(b) 
was not “clear, consistently applied, and well-established” at the time of Petitioner’s 
default. Martinez v. Klauser, 266 F.3d at 1093 (internal quotation marks omitted). Nor 

has Petitioner established that this procedural rule is dependent on federal law. Finally, 
this Court has already determined that § 19-4901(b) is adequate and independent. 
Sheahan v. Valdez, No. 1:09-cv-00191, 2010 WL 3893934, at *3 (D. Idaho Sept. 27, 
2010) (unpublished). Therefore, Claim 8(a) is procedurally defaulted based on an 
adequate and independent state procedural rule. 
 iii. The portion of Claim 7 relying on the errors alleged in Claims 1 and 
 2 is procedurally defaulted 
 Claim 7 asserts cumulative error based on the violations asserted in Claims 1 
through 6. Because Claims 1 and 2 are procedurally defaulted, the portion of Petitioner’s 
cumulative error claim that relies on those claims is also procedurally defaulted. The facts 
underlying those claims will not be considered when the Court reviews Claim 7 on the 

merits. 
 B. Petitioner Has Not Established a Legal Excuse for the Default 
 As explained above, Claims 1, 2, 7 (in part), and 8(a) are procedurally defaulted. 
However, that conclusion does not end the inquiry. If a petitioner’s claim is procedurally 
defaulted, a federal district court still can hear the merits of the claim, but only if the 
petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the 

default and prejudice arising from the default, or (2) a fundamental miscarriage of 
justice—that is, a showing of actual innocence.3 Murray v. Carrier, 477 U.S. 478, 488 
(1986), Schlup v. Delo, 513 U.S. 298, 329 (1995). 
 i. Petitioner has not established cause and prejudice for the default of 
 Claims 1 and 2 
 Petitioner contends that cause and prejudice exist to excuse the default of Claims 1 
and 2—his constitutional claims arising from the trial court’s limitation on Dr. Ofshe’s 
testimony. Dkt. 19 at 4–28. 

3 Neither an assertion of cause and prejudice nor an assertion of actual innocence under Schlup is an 
independent constitutional claim. Rather, these are federal procedural arguments that, if sufficiently 
established by a petitioner, allow a federal court to consider the merits of an otherwise procedurally-
defaulted constitutional claim. 
 To show “cause” for a procedural default, a petitioner must ordinarily demonstrate 
that some objective factor external to the defense impeded his or his counsel’s efforts to 
raise the claim to the state courts or to comply with the state procedural rule at issue. 

Murray, 477 U.S. at 488. To show “prejudice,” a petitioner generally bears “the burden 
of showing not merely that the errors [in his proceeding] constituted a possibility of 
prejudice, but that they worked to his actual and substantial disadvantage, infecting his 
entire [proceeding] with errors of constitutional dimension.” United States v. Frady, 456 
U.S. 152, 170 (1982). 

 Ineffective assistance of counsel (“IAC”) may constitute cause for a default. For 
example, the failure on appeal to raise a meritorious claim of trial error—or the failure at 
trial to preserve a claim for appeal—may render that claim procedurally defaulted. See 
Edwards v. Carpenter, 529 U.S. 446, 452 (2000) (“[I]n certain circumstances counsel’s 
ineffectiveness in failing properly to preserve the claim for review in state court will 

suffice.”). However, for IAC to serve as cause to excuse a default, that IAC claim must 
itself have been separately presented to the state appellate courts. Id. (“A claim of 
ineffective assistance ... generally must be presented to the state courts as an independent 
claim before it may be used to establish cause for a procedural default.”) (internal 
quotation marks and alteration omitted). 

 In other words, before a federal court can consider ineffective assistance of 
counsel as cause to excuse the default of an underlying habeas claim, a petitioner 
generally must have presented that IAC claim in a procedurally proper manner to the 
state courts, such as in a post-conviction relief petition, including through the level of the 
Idaho Supreme Court. If the ineffective assistance asserted as cause was not fairly 
presented to the state courts, a petitioner must show an excuse for that separate default, as 

well. Id. at 453 (“[A]n ineffective-assistance-of-counsel claim asserted as cause for the 
procedural default of another claim can itself be procedurally defaulted.”). 
 Petitioner alleges that his direct appeal counsel rendered ineffective assistance by 
failing to assert Claims 1 and 2 (and 7, in part) as federal constitutional claims and that, 
therefore, cause and prejudice exist to excuse the default of those claims. The Court 

disagrees. 
 The Sixth Amendment to the United States Constitution provides that a criminal 
defendant has a right to the effective assistance of counsel in his defense. The Supreme 
Court explained the standard for IATC claims in Strickland v. Washington, 466 U.S. 668 
(1984). A petitioner asserting ineffective assistance of counsel must show that 

(1) “counsel made errors so serious that counsel was not functioning as the ‘counsel’ 
guaranteed the defendant by the Sixth Amendment,” and (2) those errors prejudiced the 
defendant by “depriv[ing] the defendant of a fair trial, a trial whose result is reliable.” Id. 
at 687. A petitioner must establish both deficient performance and prejudice to prove an 
IAC claim. Id. at 697. 

 Whether an attorney’s performance was deficient is judged against an objective 
standard of reasonableness. Id. at 687-88. A reviewing court’s inquiry into the 
reasonableness of counsel’s actions must not rely on hindsight: 
 Judicial scrutiny of counsel’s performance must be highly 
 deferential. It is all too tempting for a defendant to second- 
 guess counsel’s assistance after conviction or adverse 
 sentence, and it is all too easy for a court, examining 
 counsel’s defense after it has proved unsuccessful, to 
 conclude that a particular act or omission of counsel was 
 unreasonable. A fair assessment of attorney performance 
 requires that every effort be made to eliminate the distorting 
 effects of hindsight, to reconstruct the circumstances of 
 counsel’s challenged conduct, and to evaluate the conduct 
 from counsel’s perspective at the time. Because of the 
 difficulties inherent in making the evaluation, a court must 
 indulge a strong presumption that counsel’s conduct falls 
 within the wide range of reasonable professional assistance; 
 that is, the defendant must overcome the presumption that, 
 under the circumstances, the challenged action might be 
 considered sound trial strategy. There are countless ways to 
 provide effective assistance in any given case. Even the best 
 criminal defense attorneys would not defend a particular 
 client in the same way. 
Id. at 689 (internal citations and quotation marks omitted). Strategic decisions, such as 
the choice of a defense or of which claims to raise on appeal, “are virtually 
unchallengeable” if “made after thorough investigation of law and facts relevant to 
plausible options.” Id. at 690. 
 If a petitioner shows that counsel’s performance was deficient, the next step is the 
prejudice analysis. “An error by counsel, even if professionally unreasonable, does not 
warrant setting aside the judgment of a criminal proceeding if the error had no effect on 
the judgment.” Strickland, 466 U.S. at 691. To satisfy the prejudice standard, a petitioner 
“must show that there is a reasonable probability that, but for counsel’s unprofessional 
errors, the result of the proceeding would have been different.” Id. at 694. As the 
Strickland Court instructed: 
 In making this determination, a court hearing an 
 ineffectiveness claim must consider the totality of the 
 evidence before the judge or jury. Some of the factual 
 findings will have been unaffected by the errors, and factual 
 findings that were affected will have been affected in 
 different ways. Some errors will have had a pervasive effect 
 on the inferences to be drawn from the evidence, altering the 
 entire evidentiary picture, and some will have had an isolated, 
 trivial effect. Moreover, a verdict or conclusion only weakly 
 supported by the record is more likely to have been affected 
 by errors than one with overwhelming record support. Taking 
 the unaffected findings as a given, and taking due account of 
 the effect of the errors on the remaining findings, a court 
 making the prejudice inquiry must ask if the defendant has 
 met the burden of showing that the decision reached would 
 reasonably likely have been different absent the errors. 
Id. at 695-96. To constitute Strickland prejudice, “[t]he likelihood of a different result 
must be substantial, not just conceivable.” Richter, 562 U.S. 86 at 112. 
 With respect to claims of ineffective assistance of direct appeal counsel, effective 
legal assistance does not mean that appellate counsel must appeal every question of law 
or every nonfrivolous issue requested by a criminal defendant. Jones v. Barnes, 463 U.S. 
745, 751–54 (1983). “Nothing in the Constitution” requires “judges to second-guess 
reasonable professional judgments and impose on appointed counsel a duty to raise every 
‘colorable’ claim suggested by a client.” Id. at 754. 
 “Experienced advocates since time beyond memory have emphasized the 
importance of winnowing out weaker arguments on appeal and focusing on one central 
issue if possible, or at most on a few key issues.” Id. at 751-52. Thus, although it is 
“possible to bring a Strickland claim based on [appellate] counsel’s failure to raise a 
particular claim, … it is difficult to demonstrate that counsel was incompetent.” Smith v. 
Robbins, 528 U.S. 259, 288 (2000). A petitioner can show deficient performance of 
appellate counsel only when counsel failed to raise a nonfrivolous issue that “was clearly 
stronger than [the] issues that counsel did present.” Id. 

 Further, to show prejudice with respect to direct appeal counsel’s performance, a 
petitioner must show that counsel failed to raise an issue obvious from the trial record 
that probably would have resulted in reversal. See Miller v. Keeney, 882 F.2d 1428, 1434 
n.9 (9th Cir. 1989). If a petitioner does not show that an attorney’s act or omission would 
probably have resulted in reversal, then he cannot satisfy either prong of Strickland. Id. at 

1434 (“Appellate counsel will … frequently remain above an objective standard of 
competence (prong one) and have caused her client no prejudice (prong two) for the same 
reason—because she declined to raise a weak issue. Such is the case here.”). 
 In Petitioner’s case, the argument raised by direct appeal counsel—that the trial 
court’s limitation on Dr. Ofshe’s testimony was inconsistent with the Idaho Rules of 

Evidence—was stronger than Petitioner’s federal constitutional claims based on that 
limitation. It is easier to show an evidentiary error than a federal constitutional violation. 
See Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir. 1991) (“Only if there are no 
permissible inferences the jury may draw from the evidence can its admission violate due 
process. Even then, the evidence must be of such quality as necessarily prevents a fair 

trial.”) (internal quotation marks omitted). Because the issue counsel raised was stronger 
than the issues that Petitioner contends should have been raised, Petitioner has failed to 
establish either prong of Strickland.4 See Keeney, 882 F.2d at 1435. 
 Thus, Petitioner has not shown that the default of Claims 1, 2, and 7 (in part) 

should be excused. 
 ii. Petitioner has not established actual innocence to excuse the default 
 of Claim 8(a) 
 Petitioner invokes the miscarriage-of-justice exception with respect to Claim 8(a). 
That exception requires proof that a constitutional violation has probably resulted in the 
conviction of someone who is actually innocent. Murray v. Carrier, 477 U.S. at 496. 
Actual innocence in this context “means factual innocence, not mere legal insufficiency.” 
Bousley v. United States, 523 U.S. 614, 623 (1998). 

 In asserting actual innocence, a petitioner must “support his allegations of 
constitutional error with new reliable evidence—whether it be exculpatory scientific 
evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not 
presented at trial.” Schlup v. Delo, 513 U.S. 298, 324 (1995). A procedurally defaulted 
claim may be heard under the miscarriage-of-justice exception only if, “in light of all of 

the evidence, ‘it is more likely than not that no reasonable juror would have found [the 
petitioner] guilty beyond a reasonable doubt.’” United States v. Avery, 719 F.3d 1080, 
1083 (9th Cir. 2013) (quoting Schlup, 513 U.S. at 327). Stated another way, the petitioner 

4 The Court rejects Petitioner’s contention that defaulting a federal claim is per se prejudicial under 
Strickland. See Dkt. 19 at 8. Petitioner’s argument, if accepted, would eliminate entirely the prejudice 
prong of the cause and prejudice analysis because anytime a claim was defaulted, it would be prejudicial 
to raising the claim on federal habeas review. Strickland prejudice requires Petitioner to show a 
reasonable probability that, had appellate counsel raised Claims 1 and 2 as federal violations, rather than 
only state-law violations, he would have prevailed on appeal. Petitioner has not done so. 
must show that, but for the constitutional error, every reasonable juror would vote to 
acquit. 
 Petitioner does not argue that he is factually innocent. Instead, he asks the Court to 

expand the miscarriage-of-justice exception to cases of “severe due process violation[s]” 
outside of the actual innocence context. Dkt. 19 at 2. But this Court lacks the authority to 
do so. “[T]he miscarriage of justice exception is limited to those extraordinary cases 
where the petitioner asserts his innocence and establishes that the court cannot have 
confidence in the contrary finding of guilt. A petitioner who asserts only procedural 

violations without claiming actual innocence fails to meet this standard.” Johnson v. 
Knowles, 541 F.3d 933, 937 (9th Cir. 2008) (emphasis and internal citation omitted). 
 CONCLUSION 
 For the foregoing reasons, Claims 1, 2, 7 (in part), and 8(a) are subject to dismissal 
as procedurally defaulted. 

 ORDER 
 IT IS ORDERED: 
 1. Petitioner’s Motion for Enlargement of Brief (Dkt. 20) is GRANTED. 
 2. Respondent’s Motion for Extension of Time (Dkt. 21) is GRANTED. 
 3. Respondent’s Motion for Partial Summary Dismissal (Dkt. 18) is 

 GRANTED. Claims 1, 2, 7 (in part), and 8(a) are DISMISSED with 
 prejudice as set forth above. 
 4. Respondent must file an answer to the remaining claims—Claims 3, 4, 5, 6, 
 7 (in part), and 8(b)—-within 60 days of the date of this Order. Petitioner 
 must file a reply (formerly called a traverse), containing a brief rebutting 
 Respondent’s answer and brief, which must be filed and served within 28 
 days after service of the answer and brief. Respondent has the option of 
 filing a sur-reply within 14 days after service of the reply. At that point, the 
 case will be deemed ready for a final decision. 

 GE DATED: April 21, 2020 

 wea, J — Seem 
 ax. 2Z9/ Honorable Candy W. Dale 
 <kicpoe> United States Magistrate Judge 

MEMORANDUM DECISION AND ORDER - 19